UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY JUSTIN BODWIN,

          Plaintiff,

    v.

                                     Case No. 26-cv-1175-pp

FRANK J. BISIGNANO,

          Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates

1

that he is not employed, he is not married and he has a 17-year-old daughter he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff states that he has monthly income of $2,050 from family/child support and $540 from food share. Id. at 2. The plaintiff lists monthly expenses totaling $2,303 ($1,188 mortgage, $100 credit card payments, $700 other household expenses, $100 gas for car, $215 insurance). Id. at 2-3. The plaintiff says he owns two vehicles, a 2002 Jeep Wrangler worth approximately $2,500 and a 2015 Ford Focus also worth approximately $2,500; the plaintiff owns his home, worth approximately $350,000 with $175,000 in equit; he does not own any other property of value; and he has approximately $15 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I am disabled and not able to work. I am meeting the basic life needs for myself and my daughter with help from my family, state benefits, and $200 in child support." Id. at 4. The plaintiff has demonstrated that he cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied benefits for lack of disability, that he is disabled and that "[t]he conclusions and findings of fact of Defendant's Administrative Law Judge pertaining to Plaintiff's disability are not supported by substantial evidence and are contrary to the laws and regulations." Id. at 4. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 6th day of July, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3